UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARRIE VAUGHN,

  Plaintiffs,

 v.

ETHICON, INC. and JOHNSON & JOHNSON,

  Defendants.

Case No. 20-cv-562-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion for partial summary judgment filed by defendants Ethicon, Inc. and Johnson & Johnson (Docs. 19 & 20). Plaintiff Carrie Vaughn has responded to the motion (Docs. 21 & 22).

The plaintiff brought this products liability case after she underwent surgery in February 2012 for implantation of one of the defendants' medical devices. The case was consolidated for pretrial purposes in multi-district litigation ("MDL") proceedings—*In re: Ethicon Inc., Pelvic Repair System Products Liability Litigation*, MDL No. 2327—and has been remanded to this Court for trial. The defendants' motion for partial summary judgment, filed in the MDL proceeding, remains pending.

**I. Summary Judgment Standard**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520

F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.  Nevertheless, the "favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Monroe v. Ind. Dep't of Transp.*, 871 F.3d 495, 503 (7th Cir. 2017) (internal quotations and citations omitted).

The initial summary judgment burden of production is on the moving party to show the Court that there is no reason to have a trial.  *Celotex*, 477 U.S. at 323; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013).  Where the nonmoving party carries the burden of proof at trial, the moving party may satisfy its burden of production in one of two ways.  It may present evidence that affirmatively negates an essential element of the nonmoving party's case, *see* Fed. R. Civ. P. 56(c)(1)(A), or it may point to an absence of evidence to support an essential element of the nonmoving party's case without actually submitting any evidence, *see* Fed. R. Civ. P. 56(c)(1)(B).  *Celotex*, 477 U.S. at 322-25; *Modrowski*, 712 F.3d at 1169.  Where the moving party fails to meet its strict burden, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists.  *Celotex*, 477 U.S. at 322-26; *Anderson*, 477 U.S. at 256-57; *Modrowski*, 712 F.3d at 1168.  A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."

*Anderson,* 477 U.S. at 252.

**II.     Facts**

Viewed in the light most favorable to the plaintiff, the evidence establishes the following relevant facts.

A.     <u>Implantation of the Device</u>

On February 8, 2012, Vaughn, 41 years old and an Illinois resident at the time, underwent a surgical procedure for partial hysterectomy and implantation of a transvaginal polypropylene mesh medical device—a TVT-Obdurator ("TVT-O"). The device was manufactured by Ethicon, a subsidiary of Johnson & Johnson. The surgery took place at Memorial Hospital in Belleville, Illinois, and was performed by Sekou Kelsey, M.D.

Prior to her surgery, Vaughn had been diagnosed with stress urinary incontinence, and the implantation of the TVT-O was aimed at addressing that issue. Dr. Kelsey recommended the TVT-O and discussed with her the potential complications of which he knew. However, he never discussed with her the permanency, frequency or severity of the risks or complications she actually experienced following surgery. Specifically, Dr. Kelsey never advised her that she could have permanent or severe pain with intercourse, chronic pelvic pain, painful urination and urinary problems, vaginal and urinary tract infections, worsening incontinence, or that she might never be able to have sex again, or might need multiple corrective surgeries to treat complications from the mesh. If he had so advised her, she would have chosen not to have the surgery. Without this information, Vaughn chose to have the surgery. Dr. Kelsey implanted the device correctly, in accordance with Ethicon's instructions and the applicable standard of care.

Vaughn moved from Illinois to Missouri in May 2013. About a year later, in mid-2014, Vaughn started having problems connected with the TVT-O. She suffered vaginal pain and

dyspareunia due to a mesh erosion as well as anxiety and embarrassment.  On October 2, 2015, she had to undergo additional surgery to remove exposed mesh.  The procedure was performed by Siobhan Hyland, M.D. at Boone Hospital Center in Columbia, Missouri.  Dr. Hyland was not able to remove all of the TVT-O during the corrective surgery, and Vaughn continues to suffer complications.

      B.      <u>Dr. Kelsey's Knowledge About the Device</u>

When Dr. Kelsey first began implanting the TVT-O in patients in 2004, he read the Instructions for Use ("IFU")—essentially, a device reference manual for physicians—but stopped reviewing them in 2007, years before Vaughn's surgery, because he had become familiar with the procedure.  Different warnings in the IFU before Vaughn's surgery would not have caused Dr. Kelsey to change his recommendation that Vaughn use the TVT-O because he would not have read those different warnings.  Additionally, even knowing what he does today, Dr. Kelsey still believes the TVT-O was a safe and effective treatment for Vaughn, although there was always a risk that the surgery would need to be redone.

      C.      <u>Procedural History</u>

Vaugh filed this lawsuit in the United States District Court for the Southern District of West Virginia in July 2015 as part of MDL No. 2327.  She asserts 17 claims under various legal theories.  The case emerged from the MDL proceeding earlier this year and was remanded to this Court for trial.  Pending at the time of remand was the defendants' motion for partial summary judgment.

The defendants seek summary judgment on the plaintiffs' claims for negligence (Count I), strict liability – manufacturing defect (Count II); strict liability – failure to warn (Count III); common law fraud (Count VI); fraudulent concealment (Count VII); constructive fraud (Count

VIII); negligent misrepresentation (Count IX); negligent infliction of emotional distress (Count X); breach of express warranty (Count XI); breach of implied warranty (Count XII); violation of consumer protection laws (Count XIII); gross negligence (Count XIV); and unjust enrichment (Count XV).  The plaintiff makes no argument in opposition to the request to the extent it concerns Counts II and VI-XV and merely respond that she will not be pursuing these counts at trial.  The plaintiff further states she will not be pursuing Count IV either.  Accordingly, the Court will grant the defendants' motion as to Counts II and VI-XV and will dismiss Count IV pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  The Court turns now to the remaining requests for summary judgment.  Only two claims remain at issue in this motion:  (1) negligence based on the defendants' failure to warn (part of Count I) and (2) strict products liability for failure to warn (Count III).

### III.    Analysis

The defendants contend that they are entitled to summary judgment on Vaughn's failure to warn claims because Dr. Kelsey's deposition testimony shows that he would not have changed his conduct if he had received a different warning from Ethicon before recommending the TVT-O to Vaughn.  In response, Vaughn argues that she would not have chosen to have a TVT-O implanted if she had been better informed of the potential risks and complications.

The Court first addresses the question of what state's substantive law applies.  In this suit heard under the Court's diversity jurisdiction, the Court applies the choice of law rules of the state in which it sits—for this Court, Illinois—to determine the applicable substantive law.  *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014) (citing *Felder v. Casey,* 487 U.S. 131, 151 (1988)).  For tort claims, Illinois generally follows the most-significant-contacts approach of § 145 of the Restatement (Second) of Conflict of Laws.  *Cont'l Vineyard,*

*LLC v. Vinifera Wine Co., LLC*, No. 19-2089, 2020 WL 5229402, at *9 (7th Cir. Sept. 2, 2020) (citing *Wreglesworth v. Arctco, Inc.*, 738 N.E.2d 964, 971 (Ill. App. Ct. 2000)). Illinois law presumes in personal injury cases that the applicable law is the law of the state in which the injury occurred unless Illinois has a more significant relationship with the occurrence and the parties. *Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893, 903 (Ill. 2007); *Ingersoll v. Klein*, 262 N.E.2d 593, 595 (Ill. 1970); *Kolchinsky v. W. Dairy Transp., LLC*, 949 F.3d 1010, 1013 n.2 (7th Cir. 2020)). Other factors to consider that may overcome the presumption include: the place where the conduct causing the injury occurred, the domiciles of the parties, and the place where the parties' relationship is centered. *Ingersoll*, 262 N.E.2d at 596; Restatement (Second) of Conflict of Laws § 145 (1971).

The defendants argue that Missouri law applies because Vaughn first began suffering symptoms from the allegedly defective TVT-O about a year after she moved from Illinois to Missouri and then received treatment for her injuries in Missouri. In support, it cites a case in which the implantation surgery and subsequent symptoms occurred in the same state. *Bellew v. Ethicon, Inc.*, No. 2:13-CV-22473, 2014 WL 6886129, at *3 (S.D.W. Va. Nov. 24, 2014). *Bellew* is not helpful to the Court because it does not address the question of, in a failure to warn claim, which state has the most significant relationship where the surgery and subsequent symptoms caused by an allegedly defective implanted medical device occur in different states.

On the other hand, the plaintiff cites no law whatsoever and baldly states Illinois substantive law applies "based on the decisions of this Court." It does not attach or cite any relevant decision.

The Court finds that it does not matter which law applies to the failure to warn claims because both states' laws require proof of causation. Under Illinois law, a plaintiff must show

"that the presence of adequate warnings would have prevented the plaintiff's injuries." *Broussard v. Houdaille Indus., Inc.*, 539 N.E.2d 360, 363 (Ill. App. Ct. 1989); *compare Kane v. R.D. Werner Co.*, 657 N.E.2d 37, 39 (Ill. App. Ct. 1995) ("However, since plaintiff failed to read the warning labels, the alleged inadequate content of those warnings could not have proximately caused his injuries. . . ."). Stated another way, the plaintiff must be able to prove that if there had been a proper warning, the learned intermediary—Dr. Kelsey, in this case—would have declined to prescribe or recommend the product. *N. Trust Co. v. Upjohn Co.,* 572 N.E.2d 1030, 1037 (Ill. App. Ct. 1991).

     Causation is also required under Missouri law. To prevail in a failure to warn products liability case under Missouri law, a plaintiff must show, among other things that a warning would have changed the behavior of the individuals involved in the incident. *Moore v. Ford Motor Co.*, 332 S.W. 3d 749, 762 (Mo. 2011) (*en banc*); *Tune v. Synergy Gas Corp.*, 883 S.W.2d 10, 14 (Mo. 1994); *Campbell v. Am. Crane Corp.*, 60 F.3d 1329, 1331 (8th Cir. 1995). Like Illinois law, Missouri law requires a plaintiff to prove that a warning would have caused the learned intermediary to alter his recommendation for the allegedly defective product. *Madsen v. Am. Home Prods. Corp.*, 477 F. Supp. 2d 1025, 1035 (E.D. Mo. 2007) (citing *In re Norplant Contraceptive Prods. Liab. Litig.*, 215 F. Supp. 2d 795, 821 (E.D. Tex. 2002)). "[T]he causal link between a patient's injury and the alleged failure to warn is broken when evidence is presented that the prescribing physician would have continued to prescribe the [product] for the patient even if he had been provided with adequate warnings." *Madsen*, 477 F. Supp. 2d at 1035. In Missouri, there is a presumption that the learned intermediary would have heeded warnings about risks about which he did not already know, but that presumption can be overcome by

evidence that an adequate warning would have been futile because it would not have been read by the person to be warned.  *Bachtel v. TASER Int'l, Inc.*, 747 F.3d 965, 971 (8th Cir. 2014).

The defendants are entitled to summary judgment under either Illinois or Missouri law. They have presented uncontroverted evidence that Dr. Kelsey did not consult the IFU in deciding whether to recommend the TVT-O for Vaughn, so any new or different warnings in the IFU could not have changed his advice.  Furthermore, even allowing for a presumption that Dr. Kelsey would have heeded different warnings—had he read them—the evidence clearly shows his recommendation would not have changed.  Dr. Kelsey testified that even today he believes the TVT-O was a safe and appropriate device for Vaughn.  And while it is true that, if there is an issue of fact regarding whether a learned intermediary would have acted differently with different warnings, summary judgment should not be granted, *see Huskey v. Ethicon, Inc.*, No. 2:12-cv-05201, 2015 WL 4944339, at *9 (S.D.W. Va. Aug. 19, 2015), *aff'd,* 848 F.3d 151 (4th Cir. 2017); *Giles v. Wyeth, Inc.*, 500 F. Supp. 2d 1063, 1070 (S.D. Ill. 2007), *aff'd*, 556 F.3d 596 (7th Cir. 2009), there is no such issue of fact in this case.  There is simply no evidence from which a reasonable jury could conclude that the lack of warnings played a causal role in Vaughn's injuries.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the defendants' motion for partial summary judgment (Doc. 19) as to the following counts:

- Count I to the extent it relies on a negligent failure to warn theory;
- Count III, a strict liability failure to warn theory; and
- Counts II and VI-XV.

8

The Court **DISMISSES** Count IV pursuant to Federal Rule of Civil Procedure 41(b) **with prejudice** for failure to prosecute.

The Court **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.  The remaining claims in this case are Count I except to the extent it relies on a negligent failure to warn theory and Counts V, XVI, XVII, and XVIII in their entirety.  Should the parties believe any other claim can be disposed of by agreement prior to trial, they are encouraged to notify the Court a soon as possible.

**IT IS SO ORDERED.**
**DATED:  September 30, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
